FILED
United States Court of Appeals
Tenth Circuit

May 11, 2026

Christopher M. Wolpert
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CAMERON WATKINS, a/k/a Crazy Gun,

    Defendant - Appellant.

No. 23-6210
(D.C. No. 5:22-CR-00325-R-1)
(W.D. Okla.)

_____

## ORDER

_____

Before **HARTZ**, **TYMKOVICH**, **MATHESON**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, **CARSON**, and **FEDERICO**, Circuit Judges.*

_____

This matter is before the court on *Appellant's Petition for Panel Rehearing or Rehearing En Banc* and the United States' *Response to Appellant's Petition for Rehearing*.

Appellant's request for panel rehearing is DENIED by a majority of the panel. Judge Moritz would grant panel rehearing.

---

* The Honorable Jerome A. Holmes, the Honorable Robert E. Bacharach, and the Honorable Veronica S. Rossman are recused in this matter.

The petition and response were circulated to all non-recused active judges of the court, and a poll was called. The poll did not carry. Consequently, Appellant's request for en banc rehearing is DENIED.

Judges Moritz and Federico voted to grant en banc rehearing. Judge Hartz has filed a separate concurrence in the denial of en banc rehearing. Judge Moritz has filed a separate dissent from the denial of en banc rehearing, which is joined by Judge Federico.

Entered for the Court,

PER CURIAM

23-6210, *United States v. Watkins*

**HARTZ**, Circuit Judge, supporting the denial of rehearing en banc

I have nothing to add doctrinally regarding the panel opinion. But two observations may be useful.

First, my chambers has conducted a review of statutes of the 50 States and the District of Columbia addressing Peeping Toms—that is, persons using unaided vision to spy on others. We may well have missed something, but I doubt that anything omitted would affect the principal conclusion.

Only six States have no such statutes. Of the statutes, the great majority (all but 12 statutes from 12 States) would not apply to the action of the officer in this case because they require a trespass (as is also the case with Model Penal Code § 250.12); require that the viewing be with lewd or improper intent or involve unclothed private parts; or do not apply to law-enforcement officers.[*]

---

[*]Statutes with a [1] include a requirement that the perpetrator be trespassing.

Statutes with a [2] include a requirement that the perpetrator act with lewd or improper intent or actually observe another's uncovered intimate areas.

Statutes with a [3] include an express exception for law-enforcement activities.

Some statutes contain multiple provisions covering the officer's conduct, with an exception applicable to only some of those provisions. These are denoted with the addition of [(in part)] to the relevant superscript.

Statutes that on their face would prohibit the conduct in this case are noted in bold.

Ala. Code § 13A-11-32;[1] Ala. Code § 13A-11-32.1;[2] Ariz. Rev. Stat. Ann. § 13-1424;[2] **Ariz. Rev. Stat. Ann. § 13-3019**; Ark. Code Ann. § 5-16-102;[1 (in part),2] **Ark. Code Ann. § 5-71-213**; **Cal. Penal Code § 647**; Colo. Rev. Stat. § 18-3-405.6;[2] Colo. Rev. Stat. § 18-7-801;[2] Conn. Gen. Stat. § 53a-189a;[1] Del. Code Ann. tit. 11, § 820;[1] Del. Code Ann. tit. 11, § 1335;[1] D.C. Code § 22-3531;[3] Fla. Stat. Ann. § 810.14;[2] **Ga. Code Ann. § 16-11-61**; Haw. Rev. Stat. Ann. § 711-1111;[1 (in part),2 (in part),3] Idaho Code Ann. § 18-7006;[1] 720 Ill. Comp. Stat. Ann. 5/26-1;[1,2] **Ind. Code Ann. § 35-45-4-5**; Iowa Code

Second, the dissent from denial states that the officer's face was "so close" to the window that he could see the entire room. But the record does not show how close that was, and it is not obvious that the officer would need to press his face against the window to see Defendant on the bed.

---

§ 716.7;[2] Ky. Rev. Stat. Ann.§ 531.090;[2,3] La. Stat. Ann. § 14:283.1;[2] **La. Stat. Ann. § 14:284**; Me. Rev. Stat. Ann. tit. 17-A, § 511;[1,3] Md. Code Ann., Crim. Law § 3-901;[3] Md. Code Ann., Crim. Law § 3-902;[2,3] Md. Code Ann., Crim. Law § 6-408;[1] Mich. Comp. Laws § 750.539b;[1] Mich. Comp. Laws § 750.539j;[3] Minn. Stat. Ann. § 609.746;[1] Miss. Code Ann. § 97-29-61;[2] MPC § 250.12;[1] Mont. Code Ann. 45-5-223;[3] **Neb. Rev. Stat. § 28-311.08**; Nev. Rev. Stat. Ann. § 200.603;[3] N.H. Rev. Stat. Ann § 644:9;[1 (in part),2 (in part)] N.J. Stat. Ann. § 2C:14-9;[3] **N.J. Stat. Ann. § 2C:18-3**; **N.M. Stat. Ann § 30-9-20**; N.C. Gen. Stat. § 14-202;[3] N.D. Cent. Code Ann. § 12.1-20-12.2;[2] **N.D. Cent. Code § 12.1-31-14**; Ohio Rev. Code Ann. § 2907.08;[2] **Okla. Stat. Ann. tit. 21, § 1171**; Or. Rev. Stat. 163.700;[2,3] 18 Pa. Cons. Stat. Ann. § 7507.1;[2,3] R.I. Gen. Laws § 11-45-1;[1 (in part),2] S.C. Code Ann. § 16-17-470;[2 (in part),3 (in part)] S.D. Codified Laws § 22-21-1;[1] S.D. Codified Laws § 22-21-3;[1] Tenn. Code Ann. § 39-13-607;[2] Tex. Penal Code Ann. § 21.17;[2] Tex. Penal Code Ann. § 42.01;[2] Utah Code Ann. § 76-12-302;[3] Utah Code Ann. § 76-12-306;[2] Vt. Stat. Ann. tit. 13, § 2605;[3] Va. Code Ann. § 18.2-130;[1 (in part),3] Wash. Rev. Code § 9A.44.115;[2] Wis. Stat. § 942.08;[2] **Wyo. Stat. Ann. § 6-4-304**.

23-6210, *United States v. Watkins*

**MORITZ**, Circuit Judge, dissenting from the denial of rehearing en banc.

This court has missed its opportunity to correct a significant and unwarranted erosion of Fourth Amendment protections. The officer in this case placed his face so close to a motel room's window that he could peer through a one-inch gap in the curtains and view the entire room. According to this court, that rendered the entire motel room in plain view because the officer's feet were located in a public walkway and he used only his unaided senses.

But individuals who close their curtains have an objectively reasonable expectation of privacy in what lies behind them. That there was a one-inch gap between the curtains here is by no means determinative—who among us has not struggled to get curtains perfectly closed? And peeping through small gaps in curtains (or similar gaps in bathrooms stalls, tent flaps, or apartment blinds) is grossly inconsistent with societal norms. The court's myopic focus on so-called plain view ignores that there was nothing "plain" about the view that the officer obtained here.

What is plain, however, is that the outcome here turned on a misguided concern with "draw[ing] a bright line that would render the observation in this case a violation of the Fourth Amendment." *United States v. Watkins*, 156 F.4th 1049, 1057–58 (10th Cir. 2025). A bright line is not only unnecessary, but anathema to the Fourth Amendment's totality-of-the-circumstances framework. The only standard we should apply is the one already provided in the Constitution: reasonableness.

With that standard top of mind, this case *should* turn on the common-sense proposition that Americans reasonably expect privacy behind their closed doors and drapes. But this court ignores common sense in the name of public access, plain view, and a misplaced concern about bright-line rules. By refusing to peer through the gaps in its own reasoning, the court closes the curtain on fundamental Fourth Amendment protections. I would grant rehearing en banc.